UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH D. JOHNSON,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>D.C. ATTORNEY GENERAL,<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)　Civil Action No. 1:24-cv-03223 (UNA)<br>)<br>)<br>)<br>)<br>)<br>) |

## Memorandum Opinion

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. ECF Nos. 1, 2. The Court grants the *in forma pauperis* application. For the reasons below, dismisses this matter without prejudice.

Plaintiff was convicted in D.C. Superior Court in August 2018, and he now sues the D.C. Attorney General, challenging the constitutionality of the resulting sentence imposed by the trial judge in those criminal proceedings. *See* ECF No. 1 at 1, 3–6; ECF No. 1-1. He seeks this Court's review of his sentence, and he demands his immediate release and $1 billion in damages. *See* ECF No. 1 at 5.

Insofar as Plaintiff is mounting a challenge to his sentence, this Court is without jurisdiction to adjudicate the claim. "Under D.C. Code § 23-110, a prisoner may seek to vacate, set aside, or correct sentence on any of four grounds: (1) the sentence is unconstitutional or illegal; (2) the Superior Court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is subject to collateral attack." *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991). The motion to do so must be filed in the Superior Court and "shall not be entertained . . . by any Federal . . . court if it appears that the [prisoner] has failed

to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(a), (g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009).

It appears Plaintiff previously sought and was denied relief in Superior Court under § 23-110. *See United States v. Johnson*, No. 2017 CF2 000507 (D.C. Super. Ct.) (order denying Defendant's motion to vacate sentence pursuant to D.C. Code 23-110). He does not contend and has not shown that remedy was "inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110 (g). Petitioner's lack of success in obtaining relief before the Superior Court does not itself render this remedy inadequate or ineffective. *See Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986); *Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995) ("A petitioner may not complain that the remedies provided him by D.C. Code § 23–110 are inadequate merely because he was unsuccessful when he invoked them"). This Court accordingly lacks jurisdiction over Plaintiff's challenges to the legality of his sentence.

Plaintiff's claim for damages is barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). There, the Supreme Court held that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil plaintiff must "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id*. at 386-87. Because Defendants claim for damages based on wrongful confinement would "would necessarily imply the invalidity of his conviction" and he has not shown any form of relief from his conviction, his damages claim is barred.

For these reasons, the Court dismisses the complaint, ECF No. 1, without prejudice. An order consistent with this memorandum opinion is issued separately.


Date:   January 31, 2025                        /s/_____
                                                AMIR H. ALI
                                                *United States District Judge*